IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WINZOIR VAN DURR,

    Plaintiff,

v.                                                    CASE NO. 1:11-cv-227-MP-GRJ

TIMOTHY FRANZ GEITHNER,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, brought this action against his former employer, the Secretary of the Treasury, under the Rehabilitation Act of 1973.[1]  Plaintiff alleges that the Internal Revenue Service (IRS) failed to reasonably accommodate his cancer treatments and wrongfully discharged him.  (Doc. 7.)  Defendant has filed a motion to dismiss or alternatively transfer this action to the District Court of the District of Maryland, claiming that venue in this Court is improper.  (Doc. 11.)  For the reasons discussed below, it is recommended that the action be transferred to the District of Maryland.

---

[1] Plaintiff indicated in his civil rights complaint form that he was bringing the action under Title VII of the Civil Rights Act of 1964.  However, of the three options presented in the form, none refer to the Rehabilitation.  (Doc. 7.)  The Court previously advised Plaintiff that "the Rehabilitation Act, 29 U.S.C. § § 791, 794, and 794(a) provides the exclusive remedy for federal government employees seeking damages and relief for work-place discrimination based on disability."  *Lapar v. Potter*, 395 F. Supp. 2d 1152, 1157 (M.D. Fla. 2005) (citing *Rio v. Runyon,* 972 F. Supp. 1446, 1454 (S.D. Fla. 1997), aff'd 159 F.3d 1360 (11th Cir. 1998)).  Accordingly, the Court treats the First Amended Complaint (Doc. 7) as an action brought only under the Rehabilitation Act.

## **DISCUSSION**

Venue for claims under the Rehabilitation Act are governed by the venue provision in Title VII, which has been incorporated into the Rehabilitation Act. 42 U.S.C. § 2000e-5 (f)(3); 29 U.S.C. § 794(a).  The venue provision, 42 U.S.C. § 2000e-5 (f)(3), states:

> Such an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5 (f)(3).  If a plaintiff brings suit in a jurisdiction that does not satisfy one of these venue requirements, venue is improper. *Id.* Pursuant to 28 U.S.C. § 1406(a) where a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."  Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district rather than dismiss them. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962).

Defendant seeks to dismiss Plaintiff's claim for failure to exhaust administrative remedies or, in the alternative, to transfer venue.  Defendant contends that venue is improper because the Northern District of Florida satisfies none of the venue requirements of § 2000e-5 (f)(3).  According to Defendant, venue is most appropriate in the District of Maryland because (1) Plaintiff was employed by the IRS in the Lanham,

Maryland office and any alleged violation would only have occurred in Maryland; (2) the majority of employment records pertaining to the alleged violation are located in Maryland; and (3) but for the alleged violations, Plaintiff would have continued working in Maryland.  (Doc. 11.)  Plaintiff requests that venue remain in the Northern District of Florida, where he resides with his family, so that he can more easily access the courthouse and filings.  (Doc. 16.)

In applying the Title VII venue provision to the facts alleged by Plaintiff in his First Amended Complaint (Doc. 7), it is clear that venue in this Court is improper and the action should be transferred to the District of Maryland.  Plaintiff alleges that he was employed in Maryland, the violation occurred in Maryland, and hehas made no allegation that the majority of his employment records are located outside of Maryland, much less in the Northern District of Florida.  There is also no indication that but for the violation, Plaintiff would have been employed outside of Maryland, including in the Northern District of Florida.  Although the Court appreciates Plaintiff's desire to litigate the case close to home, it is bound by the statutory venue provisions governing his claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that pursuant to 42 U.S.C. § 2000e-5(f)(3) this case should be **TRANSFERRED** to the United States District Court for the District of Maryland.

At Gainesville, Florida, this 8th day of June, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**